# LAW OFFICE OF VICTOR M. FERARU

1225 Franklin Avenue, Suite 325
Garden City, New York 11530

238 Wilson Avenue, #151
Brooklyn, NY 11237

WWW.VICSLAW.COM
(516) 699-2285
Fax: (516) 494-7239
VICTOR@VICSLAW.COM

Admitted to the New York Bar

October 24, 2023

JUDGE LASHANN DEARCY HALL
United States District Court
Eastern District of New York
225 Cadman Plaza
East Brooklyn, New York 11201
Courtroom: 4H North

In re: 23-cv-06021-LDH-LB *Nalisa v. City of New York, et al.*
Letter Requesting Leave to File Motion to Dismiss and for Sanctions
as Against Defendant

Dear Hon. District Judge Hall:

This office represents Defendant and attorney Victor M. Feraru in an action against him in this matter.

The purpose of this letter is to request leave to file a motion to dismiss, to include sanctions and costs as against Plaintiff in this matter pursuant to Rule 12(b)(6). As this Court knows attorneys acting within the function of his or her duties as an attorney prosecuting a civil case has immunity. Further, within the context of a 1983 claim, a private citizen cannot be held liable for his or her acts unless he or she is a State actor.

The undersigned prosecuted Plaintiff in a civil case on behalf of its client. The undersigned has no authority, is not in privity with the NYPD, nor can he be brought in on a 1983 claim. Further, the undersigned Defendant cannot be liable for allegedly depriving Plaintiff of his constitutional rights as Plaintiff is not a governmental actor. Defendant was acting in his capacity of representing his clients in an ongoing controversy, not based on any racial factors, not based on influence, and most certainly is protected under the immunity afforded to Defendant as a practicing attorney who at the time was prosecuting Plaintiff.

Plaintiff's frivolous complaint as against the undersigned costs in terms of time, billable hours, and frankly is a complete waste of judicial resources.

Given that the undersigned is not a governmental actor, is protected under immunity, and from the face of the complaint no cognizable cause of action under 1983, or any other constitutional provision can be imputed upon him, it is respectfully requested that Court forego the traditional premotion conference and grant Defendant leave to file his Motion to Dismiss pursuant to Rule 12(b)(6).

Very Respectfully Submitted,

Victor M. Feraru, Esq.